Curia, per
Nott, J.
The granting of new trials is in a great measure a matter of discretion with the court, or perhaps I should rather say, it was formerly an application to the discretion of the court; for I now. consider a new trial a matter of right, where a person has been improperly, convicted in a court of criminal jurisdiction; and in a great measure so when a verdict in a civil action is contrary to law or evidence. But it has not been usual in any case of a criminal prosecution, to grant.a.new trial for any cause when the party has been acquitted. In the case of the State vs. Wright and others, 2 Const. Rep. Tread. Ed. 517, the court were unanimously of opinion that a new trial ought not to be granted, even in a case of misdemeanor, where the defendant had been acquitted; and that case appears to have been well considered, and a great many authorities are adduced in support of the opinion. I will not say that a case may not be so circumstanced as to authorise the court to grant a new trial where the defendant has been acquitted, but I do not think that the right to do so is established by the case of the King vs. Mawbey, 6 D. & E. 619, which was relied on foP that purpose. And in any event I should not feel disposed to make a precedent in this case; for although I think the testimony was improperly rejected, yet I do not know that the defendant would have been convicted if it had been received. The jury may not have believed the witnesses, o r might not have given that weight to the testimony, which the presiding Judge seems to think it was entitled to. But it is not important in this case, as the object of the motion is, more to get the opinion of the *256 Court with regard to the admissability of the testimony^ than for a new trial; and on that"question I feel no difficulty. In Chitty’s Criminal Law, it is said, “ When a witness resides abroad, or is about to leave the country before trial, he may, by the consent of both parties, be examined on interrogatories. But this cannot be done if the defendant refuses, because the evidence is not the best which the case admits.” And “ when a party in a case where consent is necessary, refuses to grant it, the Court will put off the trial, to give time for the attendance of the witnesses.” 1 Chitty 612. And in the case of Mostyn vs. Fabrigas, Lord Mansfield mentions the case of a woman who being indicted, alledged that her witnesses resided in Scotland, and that she could not compel them to come up to give evidence. The court compelled the prosecutor to consent that all the witnesses might be examined; and declared that they would have put off the trial of the indictment from time to time forever, unless the prosecutor had so consented. Cowper 174. In this case the testimony was taken by consent. No objection was made by the party on the trial. I am of opinion therefoi’e, that it ought to have been received, but I am nevertheless of opinion that the motion for a new-trial ought not to be granted.

New trial refused.